LAURA TAYLOR SWAIN, United States District Judge
Before the Court is Defendants' Motion Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to Dismiss Plaintiff's Complaint Dated July 9, 2018 (see Docket Entry No. 26 in Adversary Proceeding No. 18-00081, the "Motion")[2] , filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), José B. Carrión III, Andrew G. Biggs, Carlos M. García, Arthur J. González, José R. González, Ana J. Matosantos, David A. Skeel, Jr., and Natalie A. Jaresko (collectively with the Oversight Board, the "Defendants"). The Plaintiffs in this action, representing members of the Senate and House of Representatives (collectively, the "Legislature") of the Commonwealth of Puerto Rico, assert that the Oversight Board has acted in excess of its authority and encroached on prerogatives of the Legislature by refusing to certify a budget developed by the Legislature and, after the Legislature refused to enact legislation recommended by the Oversight Board, certifying a new fiscal plan and budget that includes reduced appropriations for the Legislature. The Court heard argument on the instant Motion on July 25, 2018 (the "Hearing"),[3] and has considered carefully all of the arguments and submissions made in connection with the Motion.[4] Except as explained below, the Court has subject matter jurisdiction of this action pursuant to 48 U.S.C. § 2166. For the following reasons, Defendants' Motion is granted.
I.
BACKGROUND
The Court hereby incorporates by reference the factual summary set forth in section I of the Court's Opinion and Order on the Governor's Lawsuit. The following additional background facts are drawn from the Adversary Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1, the "Complaint") filed in the above-captioned action on July 9, 2018, by the Honorable Thomas Rivera-Schatz, in his official capacity as President of the Senate of Puerto Rico and on behalf of the Senate of Puerto Rico, and the Honorable Carlos J. Méndez-Núñez, in his official capacity as speaker of the House of Representatives of *368 Puerto Rico and on behalf of the House of Representatives (collectively, "Plaintiffs").
The focus of the instant dispute is the parties' disagreement over the future status of Puerto Rico's Wrongful Termination Act, Law No. 80 of May 30, 1976 (as amended, "Law 80"), pursuant to which private sector employers who dismiss employees without just cause must pay compensation to their former employees based upon a formula established by the statute. (Compl. ¶ 3 n. 2.) Law 80 thus protects employees from termination of their employment without just cause.
On April 19, 2018, in connection with the Oversight Board's rejection of the Governor's proposed fiscal plan, the Oversight Board certified its own fiscal plan for the Commonwealth pursuant to Section 201(e)(2) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[5] The April 2018 Board Fiscal Plan asserted that "Puerto Rico must become an employment at will jurisdiction" and stated that it was "built on the assumption that, by no later than May 31, 2018, the Legislative Assembly of Puerto Rico will pass the Labor Reform Package and present it to the Governor of Puerto Rico for his signature." (Id. ¶¶ 37-38.) On April 24, 2018, the Oversight Board submitted a draft labor reform bill to the Legislature that included a provision that would repeal Law 80. (Id. ¶ 36.) That draft bill was introduced in the Senate of Puerto Rico but was not passed. (Id. ¶¶ 40, 42.)
Subsequently, the Oversight Board reached an agreement with the Governor which included, among other things, a requirement that the Governor and Legislature approve a law repealing Law 80. (Id. ¶ 46.) In connection with that agreement, the Oversight Board certified a revised fiscal plan on May 30, 2018. The May Board Fiscal Plan continued to call for the repeal of Law 80, but removed certain other reforms and fiscal measures that had been included in the April 2018 Board Fiscal Plan. (Id. ¶¶ 43-44.)
On May 30, 2018, the Senate of Puerto Rico passed a bill to repeal Law 80 only with respect to employees who would be hired after the bill became law. (Id. ¶ 47.) On June 4, 2018, in response to an inquiry from the Honorable Jorge Navarro Suárez, President of the Government Commission of the Puerto Rico House of Representatives, the Oversight Board stated that, if "the Government of Puerto Rico fail[ed] to comply exactly with the understanding reached with the Oversight Board concerning the repeal of Law 80," the Oversight Board would revert to the April 2018 Board Fiscal Plan, amend the fiscal plan to reduce or eliminate certain budgetary appropriations, and submit a budget consistent with such fiscal plan. (Id. ¶¶ 49-50.) The Oversight Board's letter specifically noted that the Oversight Board's amended fiscal plan and budget would "[m]aintain the cuts to the budgets of the Legislature and Judiciary as outlined in the April 19 Fiscal Plan." (Id. ¶ 50.) A subsequent letter from the Oversight Board to the Legislature on June 29, 2018 indicated that the Legislature had failed to fully repeal Law 80 and, as a result, the Oversight Board would follow through on the cost-cutting measures it had referenced in its June 4, 2018 letter including, among others, "[r]ight-sizing measures" for the Legislature. (Id. ¶ 53-54.)
On June 30, 2018, the Puerto Rico House of Representatives and the Senate of Puerto Rico approved a fiscal year 2019 Commonwealth budget (the "Legislative Assembly Budget"), which the Governor signed and which did not provide for Law *369 80's repeal. (Id. ¶ 55.) On June 30, 2018, the Oversight Board certified a separate Commonwealth budget for fiscal year 2019. (Id. ¶¶ 56-57.)
II.
DISCUSSION
Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)[6] to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. A court presented with motions to dismiss under both Rules 12(b)(1) and 12(b)(6) should ordinarily decide jurisdictional questions before addressing the merits. Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149 (1st Cir. 2002). The party invoking the jurisdiction of a federal court carries the burden of proving its existence. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007). The Court also has an independent duty to assess whether it has subject matter jurisdiction of an action. See Fed. R. Civ. P. 12(h)(3) ; FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).
Plaintiffs' Complaint requests relief in the following two Counts. In Count One, Plaintiffs allege that the Oversight Board overstepped its authority in seeking to compel the Legislature to repeal Law 80, and seek two declarations: a declaration "that the rejected policy recommendations in the Fiscal Plan are non-binding recommendations, and that the Legislative Assembly cannot be compelled to implement any of these policies" (Compl. ¶ 79); and, based on assertions that the Oversight Board refused to certify the Legislature's proposed 2018-2019 budget and "violat[ed] PROMESA in exceeding its authority" when it "imposed the 2018-2019 FOMB Budget," a declaration that "the 2018-2019 FOMB Budget is null and void, and reinstating the [Legislative Assembly Budget] duly approved by the Legislative Assembly and signed by the Governor of Puerto Rico." (Id. ¶ 81). In Count Two, following allegations that the Oversight Board's refusal to certify the Legislative Assembly Budget and imposition of its own budget was unlawful because it was based solely on the Legislature's failure to comply precisely with the Oversight Board's specifications for repeal of Law 80 and that the Oversight Board reduced the Legislature's operating budget by approximately 20 percent, Plaintiffs seek an injunction "prohibiting the Defendants from implementing and enforcing the 2018-2019 FOMB Budget, and reinstatement of the" Legislative Assembly Budget. (Id. ¶¶ 86, 88-89.)
A. Rule 12(b)(1) : Subject Matter Jurisdiction
Defendants argue that the Court lacks subject matter jurisdiction of Count I of the Complaint because the Fiscal Plan does not purport to require the repeal of Law 80 and because the Complaint does not enumerate other alleged "non-binding recommendations" that are the subject of an actual cognizable dispute among the parties. (Defs.' Mem. at 15-17.) Defendants further contend that Section 106(e) of PROMESA precludes the exercise of federal subject matter jurisdiction of Count I and Count II of the Complaint. (Id. at 18-19.)
1. Case or Controversy Requirement
Article III, Section 2, of the Constitution of the United States limits the exercise of federal judicial power to actual cases and controversies. U.S. Const. art. III, § 2;
*370 Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937). The authority conferred on federal courts by the Declaratory Judgment Act, 28 U.S.C. § 2201, is likewise limited to controversies that are within the constitutionally-constrained scope of federal jurisdiction. Aetna, 300 U.S. at 240, 57 S.Ct. 461. A justiciable controversy must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna, 300 U.S. at 241, 57 S.Ct. 461. Federal courts are not empowered to issue advisory opinions where there is no actual controversy of this nature. See id.; Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) ; Shell Oil Co. v. Noel, 608 F.2d 208, 213 (1st Cir. 1979).
The constitutional requirement that controversies be justiciable and "admit[ ] of specific relief through a decree of a conclusive character" requires more than strong or even significant disagreement, however high the stakes, to obtain declaratory relief. The issue must be raised, and the relief sought, in a fashion that would address a specific live controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. See Golden, 394 U.S. at 108, 110, 89 S.Ct. 956. Rulings on isolated or abstract principles that will merely be useful in formulating or litigating future choices that might or might not be made are outside the authorized scope of declaratory relief.
Count I of the Complaint seeks declarations "that the rejected policy recommendations in the Fiscal Plan are non-binding recommendations, and that the Legislative Assembly cannot be compelled to implement any of those policies, and the FOMB may not take any actions to force compliance with such recommendations," (Compl. ¶ 79), and that "the 2018-2019 FOMB Budget is null and void, and ... the 2018-2019 Legislative Assembly Budget" is reinstated due to the Oversight Board's refusal to certify the budget passed by the Legislature on June 30, 2018 (id. ¶ 81). Count II seeks an injunction "prohibiting the defendants from implementing and enforcing the 2018-2019 FOMB Budget, and reinstatement of the 2018-2019 Legislative Assembly Budget" (id. ¶ 89; see also id. ¶ 91) and an injunction "directing the FOMB to certify as compliant the 2018-2019 Legislative Assembly Budget" (id. ¶ 92).
With respect to the relief sought in paragraph 79 of the Complaint, neither in that paragraph nor anywhere else in the Complaint do Plaintiffs define the term "rejected policy recommendations" or otherwise identify the specific policies, other than the Oversight Board's alleged request for legislative action regarding Law 80, that Plaintiffs seek to block. Two possible interpretations present themselves. First, Plaintiffs may be referring specifically to the Oversight Board's proposal to repeal Law 80. (See, e.g., id. ¶ 58 ("Repealing Law 80 was a 'recommendation' under § 205 of PROMESA ....").) If so, paragraph 79 of the Complaint does not present an actual case or controversy to the extent that it seeks relief with respect to the Oversight Board's efforts to include a repeal of Law 80 in a fiscal plan, because Plaintiffs have not identified any portion of the Fiscal Plan that purports to require the repeal of Law 80. Second, Plaintiffs may be referring either generally to the concept of "recommendations" under Section 205 of PROMESA or to certain unspecified "recommendations" made by the Oversight Board pursuant to that section. (See, e.g., id. ¶ 30 (generally describing Section 205 of PROMESA).) If that is the case, the Complaint again fails to frame a case or controversy of the requisite degree of immediacy and reality, as the Legislature's request amounts to no more than a *371 general advisory opinion regarding the meaning and effect of a section of the statute. Accordingly, the Court lacks subject matter jurisdiction of the relief sought by paragraph 79 of the Complaint.
Plaintiffs frame controversies of sufficient specificity and immediacy in Paragraph 81 of Count I and in Count II, insofar as they rest on allegations that the Oversight Board has acted illegally in (i) refusing to certify the Legislative Assembly Budget and (ii) implementing instead its own Fiscal Plan that includes reductions of the budget allocations for the Legislature. As explained in the next section, however, the Court lacks jurisdiction to entertain Plaintiffs' claims that the Oversight Board should have certified the Legislative Assembly Budget and the Plaintiffs' request for rejection of the certified budget.
2. Limitations on Jurisdiction Under PROMESA Section 106(e)
Section 202 of PROMESA grants the Oversight Board exclusive authority to certify budgets, including budgets that it has developed after determining in its discretion that a budget proposed by the Governor or the Legislature is not compliant with an applicable fiscal plan. See 48 U.S.C.A. §§ 2142(c) - (e) (West 2017). A budget developed by the Oversight Board and certified by that Board as compliant is deemed approved by the Legislature and by the Governor, and is "in full force and effect beginning on the first day of the applicable fiscal year." 48 U.S.C.A. § 2142(e)(3)(C). Section 106(e) of PROMESA precludes judicial review of the Oversight Board's certification determinations:
There shall be no jurisdiction in any United States district court to review challenges to the Oversight Board's certification determinations under this chapter.
48 U.S.C.A. § 2126(e) (West 2017).
The Complaint's requests for relief that directly implicate the Oversight Board's certification decisions-including seeking a judgment nullifying the Budget and reinstating a different budget (Compl. ¶ 81) and an order directing the Oversight Board to certify an alternative budget (id. ¶ 92)-are directly precluded by Section 106(e) because they challenge the Oversight Board's certification determinations and seek to undo the statutorily-prescribed effect of those determinations. The Court therefore lacks subject matter jurisdiction of those aspects of Plaintiffs' claims.
The Complaint also may be read to contest the Oversight Board's power to override, by certifying a budget, a contrary budgetary determination of the Legislature, and to challenge the provision of the certified budget that reduces the appropriation for the Legislature. These claims, which go to the extent of the powers granted to the Oversight Board by Congress under PROMESA and the relationship of those powers to provisions of the Puerto Rico Constitution, are not direct attacks on certification and therefore are outside the scope of PROMESA Section 106(e). Accordingly, the Court turns to the merits of these remaining claims.
B. Rule 12(b)(6) : Merits of Remaining Claims
To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The court accepts as true the non-conclusory factual allegations in the complaint and makes all reasonable inferences in the plaintiff's favor. Miss. Pub. Emps.'
*372 Ret. Sys. v. Boston Sci. Corp., 523 F.3d 75, 85 (1st Cir. 2008). The court may consider "documents the authenticity of which are not disputed by the parties ... documents central to plaintiffs' claim, [and] documents sufficiently referred to in the complaint." Id. at 86 (citations omitted). The complaint must allege enough factual content to nudge a claim "across the line from conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 680, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 570, 127 S.Ct. 1955 ).
Plaintiffs' Complaint asserts that the Budget and, specifically, the reduction of the Legislature's budgetary allocation thereunder, "constitutes an [sic] usurpation of the Legislative Assembly's exclusive legislative power and, furthermore, an effort to supplant, bypass, or replace the Commonwealth's elected leaders." (Compl. ¶ 72.) Plaintiffs seek an injunction barring implementation and enforcement of the certified budget. (Id. ¶ 89.) Both Plaintiffs' legal proposition and their request for injunctive relief are contrary to express provisions of PROMESA and thus fail to state claims upon which relief may be granted.
Plaintiffs argue that the Oversight Board's rejection of the Legislative's budgetary action and implementation of its own budget illegally invaded the Legislature's lawmaking power under the Constitution of Puerto Rico and also ran afoul of Section 303 of PROMESA, which generally preserves the territory's governmental powers. As the Court recently explained in In re Financial Oversight & Management Board for Puerto Rico, 318 F.Supp.3d 537, 2018 WL 3425294 (D.P.R. July 13, 2018), Congress exercised its powers under the territories clause of the federal constitution in approving Puerto Rico's Constitution and in enacting PROMESA. The territories clause empowers Congress to make rules and regulations for Puerto Rico, and to alter those rules as well. Id. at 368-69, at *6.
As noted above, PROMESA commits to the Oversight Board the sole discretion to determine whether proposed budgets are consistent with PROMESA's requirements, and sole power to certify, and thus put into effect, budgets while the Board is in place. PROMESA includes a specific preemption provision, declaring that "[t]he provisions of [PROMESA] shall prevail over any general or specific provisions of territory law ... or regulation that is inconsistent with [PROMESA]." 48 U.S.C.A. § 2103 (West 2017). Congress' determination, in PROMESA, to empower the Oversight Board to accept, reject, develop and certify budgets, and to render certified budgets effective by operation of law, prevails over the general allocation of budgetary power to Puerto Rico's legislature.[7] Likewise, Congress has made PROMESA Section 303's general reservation of governmental rights "[s]ubject to the limitations set forth in title I and II of [PROMESA]." 48 U.S.C.A. § 2163 (West 2017). Section 202, which is within Title II, specifically empowers the Oversight Board to take the actions challenged here. See 48 U.S.C.A. § 2142(e)(3). Plaintiffs' claim of usurpation thus fails to state a claim upon which relief may be granted, as does their request for injunctive relief, which seeks to bar the Oversight Board from exercising powers specifically granted to it by the statute.
The Oversight Board, having been tasked with "provid[ing] a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets,"[8] has *373 also been empowered to have the final say when there is conflict regarding budgetary allocations. The statute does not preclude the Oversight Board from using those powers in a manner designed to incentivize assent to the policy goals supported by the Board, but it also sets collaboration on fiscal plan and budgetary matters as the norm. The Legislature has the power, which it has exercised, to decline to accede to legislation that would be required to achieve policy goals that it opposes. It appears that there were, and the Oversight Board represented in its counsel's remarks at the July 25, 2018, Hearing that there will continue to be, dialogue and consultation in a good faith effort to proceed on a foundation of consensus. Action by consensus is likely the surest and most efficient way to clarify and forge Puerto Rico's way forward. The Court urges the Oversight Board, the Legislature, and the Governor to find a common vision and use their combined powers to identify as soon as possible a fiscally responsible path forward for Puerto Rico that provides appropriately for the interests of all who have a stake in her future.
CONCLUSION
For the foregoing reasons, the Motion is granted and the Complaint is dismissed in its entirety. The Clerk of Court is directed to enter judgment accordingly and close this adversary proceeding.
This Opinion and Order resolves Docket Entry Nos. 26 and 27.
SO ORDERED.

All docket entry references are to entries in Adversary Proceeding No. 18-00081, unless otherwise specified.

The Court also heard oral argument at the Hearing in connection with a motion to dismiss the complaint in Rosselló et al. v. Financial Oversight and Management Board for Puerto Rico et al., 18-AP-080-LTS (D.P.R.) (the "Governor's Lawsuit"), an adversary proceeding filed in the Commonwealth's Title III case that raises issues related to those argued in this current motion practice. The Court has addressed that motion in a separate decision. (See Docket Entry No. 33 in Adversary Proceeding No. 18-00080, the "Opinion and Order on the Governor's Lawsuit.") The defined terms used in the Court's Opinion and Order on the Governor's Lawsuit are hereby incorporated by reference except to the extent provided herein.

The relevant submissions are Defendants' Memorandum of Law in Support of Motion Pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) to Dismiss Plaintiffs' Complaint Dated July 9, 2018 (Docket Entry No. 27, the "Defendants' Memorandum"); Plaintiffs' Opposition to Defendants' Motion to Dismiss (Docket Entry No. 38, the "Opposition"); and Defendants' Reply Memorandum of Law in Support of Motion Pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) to Dismiss Plaintiffs' Complaint Dated July 9, 2018 (Docket Entry No. 40, the "Reply").

PROMESA is codified at 48 U.S.C. § 2101 etseq. References to "PROMESA" section numbers in the remainder of this opinion are to the uncodified version of the legislation.

Rules 12(b)(1) and 12(b)(6) are applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012.

Accordingly, although the budget may be presented by the Oversight Board in the form of a resolution or resolutions, no further legislative action is required to implement, as a matter of law, the budgetary allocations contained therein.

48 U.S.C.A. § 2121(a) (West 2017).